```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 16-21850-CV-SEITZ
                                           (09-20964-CR-SEITZ)
                                   MAGISTRATE JUDGE P.A. WHITE
```

JESUS BARRERA-AVILA,         :

    Movant,               :

v.                           :          **REPORT OF**
                                                  **MAGISTRATE JUDGE**

UNITED STATES OF AMERICA,   :

    Respondent.           :
_____

## I. Introduction

This matter is before this Court on the movant's pro se motion to vacate, with supporting memorandum of law, filed pursuant to 28 U.S.C. § 2255, attacking his career offender sentence entered in Case No. 09-20964-CR-SEITZ. Specifically, movant alleges that his prior Florida conviction for armed burglary no longer qualifies as a violent felony under the Section 4B1.2(a)(2) of the Sentencing Guidelines pursuant to Johnson v. United States, - U.S. -, 133 S.Ct. 2251 (2015). Thus, he argues that the sentencing guidelines were incorrectly calculated as he does not qualify as career offender under Section 4B1.1 of the Sentencing Guidelines.

An initial report was prepared recommending that the motion be dismissed as time barred. (CV-DE# 7). After a motion to stay and objections were filed, an supplemental report was entered recommending that a stay was appropriate in light of the Supreme Court's grant of certiorari in Beckles v. United States, - U.S. -, 136 S.Ct. 2510 (2016). (CV-DE# 12). The case was stayed pending a decision in Beckles. (CV-DE# 13).

On March 6, 2017 the Supreme Court issued its opinion in Beckles. See Beckles v. United States, - U.S. -, - S.Ct. -, 2017 WL

855781 (Mar. 6, 2017). Both parties have filed notices recognizing the issuance of the opinion and asking that the stay be lifted.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

Construing the §2255 motion liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 519 (1972), the movant raises as a sole ground for relief that he no longer qualifies as a career offender under U.S. the Sentencing Guidelines pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). He argues that the residual clause of the Armed Career Criminal Act that was deemed void for vagueness in Johnson is identical to the definition of crime of violence under the guidelines and therefore his career offender sentence should be vacated.

A judge may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts. See also 28 U.S.C. §2243.[1] Upon review of the

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. §2243 (emphasis added). Rule 4 of the Rules Governing Section 2255 Cases provides:

> The judge who receives the motion must promptly examine it. *If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party....*

2

motion to vacate along with pertinent portions of the underlying criminal file, it is apparent that the movant has filed this motion to vacate beyond the applicable limitations period as set forth in 28 U.S.C. §2255(f). Courts may *sua sponte* consider the issue of the timeliness of a motion to vacate. Day v. McDonough, 547 U.S. 198, 199 (2006)(holding that District courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, even after the preanswer, initial screening stage of the habeas proceeding); United States v. Terry, 1997 WL 662477 (N.D.N.Y. 1997)(addressing the issue of timeliness under AEDPA *sua sponte* although the government did not contend petition was time-barred); Rivalta v. Artuz, 1997 WL 401819 (S.D.N.Y. 1997)(same); Scire v. United States, 1997 WL 138991 (E.D.N.Y. 1997)(same).

## II. Procedural History

The movant was charged by Indictment with conspiracy to commit a Hobbs Act robbery (Count 1), attempted Hobbs Act robbery (Count 2), conspiracy to possess with intent to distribute cocaine (Count 3), attempted possession with intent to distribute cocaine (Count 4), knowingly possessing a firearm in furtherance of a drug trafficking crime (Count 5), and possession of a firearm by a convicted felon (Count 6). The movant pled guilty to Counts 1, 3 and 5. (Cr-DE# 91). On December 3, 2010, the movant was adjudicated guilty and sentenced to a concurrent terms of 240 months on Count 1 and 262 months on Count 2. He was also sentenced to a consecutive term of 60 months on Count 3. (Cr-DE# 176). The sentencing guidelines in the movant's case indicate that he was designated as a career offender pursuant U.S.S.G. §4B1.1. based upon two prior

---

RULES GOVERNING SECTION 2255 CASES, RULE  4(b) (emphasis added). A district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision. Broadwater v. United States, 292 F.3d 1302, 1303-04 (11th Cir. 2002).

3

violent felonies. (PSI ¶30).

The movant appealed. (CR-DE# 182). While the appeal was pending the government filed a Motion to Reduce Sentence Under Rule 35. (Cr-DE# 215). The motion was granted and the movant's sentence was reduced to a total of 190 months, concurrent 130 months sentences on Counts 1 and 3 with a consecutive 60 month sentence on Count 5. (CR-DE# 239). The Eleventh Circuit affirmed the conviction and sentence on January 6, 2011. (CR-DE# 280).

On May 19, 2015 the movant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Sentencing Guidelines. (CR-DE# 407). The motion was denied on November 24, 2015 because the movant had been sentenced as a career offender. (CR-DE# 417). The petitioner appealed. (CR-DE# 420). Review of the Eleventh Circuit on line docket reveals that the appeal remains pending.

The instant motion was filed on May 17, 2016.

### III. Discussion

The above-reviewed procedural history of this case reveals that the instant motion to vacate should be dismissed as untimely filed. Generally, § 2255 motions must be filed within one-year of "the date on which the judgment of conviction becomes final."[2] 28

---

[2]Section 2255(f) sets a one-year limitations period running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

4

U.S.C. §2255(f)(1). In this case, the movant filed his motion more than a year after his conviction and sentence became final. A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari has been finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1987); *accord*, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment has been entered by a United States Court of Appeals, a petition for writ of certiorari must be filed within ninety days of the date of entry of the judgment. The ninety-day time period runs from the date of entry of judgment rather than the issuance of a mandate. Sup.Ct.R. 13. See also Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

The movant's conviction became final on April 6, 2011 when the ninety days to file a petition for writ of certiorari expired. The movant was required to seek relief pursuant to § 2255 by April 6, 2012. The instant proceeding was not commenced until May 5, 2016 more than five years after the conviction and sentence became final. Consequently, the motion is untimely filed pursuant to § 2255(f)(1).

The movant acknowledges that his motion is untimely but attempts to overcome his lack of timeliness by relying upon Johnson v. United States, - U.S. -, 133 S.Ct. 2251 (2015). The movant contends that the Supreme Court decision issued in Johnson triggers a new limitation period under § 2255(f)(3). He is mistaken. In Johnson the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague and deprived

---

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

defendants of due process. Johnson, 135 S.Ct. at 2557. It was based upon this argument that the case was stayed pending the issuance of the Supreme Court's decision in Beckles. It was unknown at the time the stay was issued if the Supreme Court would expand Johnson to strike the definition of violent felony as found in the guidelines. However, now that Beckles has been decided it is recommended that the stay be lifted and, as discussed *infra*, the case be dismissed as time barred.

In construing his arguments liberally, movant argues that his §2255 motion is timely because he raises a right to relief based on the Supreme Court's recent decision in Johnson v. United States ___ U.S. ____, 135 S.Ct. 2551, ___ L.Ed.2d ___ (2015), which was decided on **June 26, 2015**. Movant claims that, in light of Johnson, he is entitled to consideration of the merits and relief.

However, the movant cannot utilize the Johnson decision to circumvent the statute of limitations because the Johnson decision is not applicable to the movant's career offender sentence. Careful review of the PSI, reveals movant was not enhanced as an armed career criminal, but rather as a career offender. Because the Supreme Court in Beckles determined that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under Fifth Amendment Due Process Clause, the movant cannot utilize Johnson to circumvent the timeliness of this federal proceeding. Even if he were not time-barred, he is not entitled to relief under Johnson.

The petitioner's claim is foreclosed by Eleventh Circuit precedent finding that Johnson was not applicable to sentences imposed pursuant to the guidelines definition of prior violent felony rather than under the ACCA. See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). It is now evident that the Eleventh

6

Circuit's express rejection of the void for vagueness doctrine to the residual clause contained in the career offender provisions of the U.S. Sentencing Guidelines remains controlling precedent. See Beckles; see also, United States v. Matchett, 802 F.3d 1185, 1189, 1193-96 (11th Cir. 2015); United States v. Brown, 2015 WL 9301410 (11th Cir. Dec. 22, 2015). Since the movant was designated a career offender pursuant to the sentencing guidelines rather than the ACCA and Beckles has not expanded Johnson to encompass the guidelines he is not entitled to relief.

Movant has also not demonstrated that he is entitled to equitable tolling, which is a rare and extraordinary remedy. See San Martin, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. 649 (citation and internal quotation marks omitted); see also Diaz v. Sec'y for Dep't of Corr's, 362 F.3d 698, 702 (11th Cir. 2004)(characterizing the equitable-tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence."(emphasis supplied)). The extraordinary circumstances must be circumstances beyond the petitioner's control. See Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. See San Martin, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." Id. (quotations omitted). Since the movant has presented no viable argument to excuse his failure to timely pursue a § 2255 motion to vacate, his challenges to his federal sentence are, therefore, time-barred.

## IV. Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." See Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts. A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. § 2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the movant has not demonstrated that she has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997).

Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if movant does not agree, he may bring this argument to the attention of the district judge in objections.

## V. Conclusion

Based upon the foregoing, it is recommended that stay be lifted and this motion to vacate be summarily dismissed with prejudice as time-barred and that this § 2255 case be closed and no certificate of appealability issue.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 20th day of March, 2017.

                                              s/Patrick A. White
                                  UNITED STATES MAGISTRATE JUDGE

cc: Jesus Barrera-Avila
    Reg. no. 86611-004
    Jesup FCI
    Federal Correctional Institution
    Inmate Mail/Parcels
    2680 301 South
    Jesup, GA 31599
    PRO SE

    Sean Thomas McLaughlin
    U.S. Attorney's Office - Southern District of Florida
    99 N.E. 4th Street
    8th Floor
    Miami, FL 33172